UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION

| | |
|---|---|
| JOANN WRIGHT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. |
| | ) |
| | ) |
| PENN CREDIT CORPORATION, INC | ) |
| | ) |
| Defendant, | ) |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

JOANN WRIGHT, ("Plaintiff"), through the undersigned counsel, Daniel J. Tann, alleges the following against PENN CREDIT CORPORATION, INC., ("Defendant"):

### INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Joann Wright an individual consumer, against defendant Penn Credit Corporation, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

### PARTIES

3. Plaintiff, Joann Wright is a natural person residing in Scranton, Pennsylvania.

4. Defendant, Penn Credit Corporation, Inc. is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 916 South 14th St., Harrisburg, PA 17104. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Defendant constantly and continuously placed excessive collection calls to Plaintiff, including after Plaintiff has hung up the phone on Defendant, as well as including a call after 9 o'clock postmeridian, which is an inconvenient time; seeking and demanding payment for an alleged consumer debt owed under an account number.

7. Upon information and belief, Defendant began placing collection calls to Plaintiff in 2010.

8. During a collection call, Defendant has spoken with Plaintiff's daughter-in-law in connection with an attempt to collect on Plaintiff's alleged debt, without Plaintiff's consent; alerting her to the alleged debt.

9. During collection calls, Defendant has lied to Plaintiff, through false and misleading statements, stating that it had never spoken to Plaintiff's daughter-in-law, after Defendant had in fact spoken to Plaintiff's daughter-in-law.

10. During collection calls, Defendant has utilized unfair and unconscionable means to try to collect on Plaintiff's alleged debt, by lying to Plaintiff.

11. Upon information and belief, Plaintiff has had to seek regular counseling for anxiety and depression that is a direct result of the harassment that she has received from Defendant, and its treatment of her.

12. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, depressed, and ill.

## CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and
>
> (b) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and
>
> (c) Defendant violated *§1692c(a)(1)* by calling Plaintiff in connection with the collection of the alleged debt after 9 o'clock postmeridian, local time at the consumer's location, which is an unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction; and
>
> (d) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

3

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Joann Wright for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff JOANN WRIGHT respectfully requests that judgment be entered against defendant PENN CREDIT CORPORATION, INC., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff JOANN WRIGHT demands trial by jury in this action.

This 11th day of May, 2011.

/s/ Daniel J. Tann
Daniel J. Tann
Law Offices of Daniel J. Tann
100 South Broad Street, Suite 1355
Philadelphia, PA 19110
(215) 670-0666
djtannesq@verizon.net

*Attorney for Plaintiff*

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(770) 414-1002
alex@fdcpalawyeronline.com